# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

KEVIN W. OLDEN, M.S.,

    Plaintiff,

    v.

YAKIMA HMA LLC, and YAKIMA HMA PHYSICIAN MANAGEMENT LLC,

    Defendants.

Case No. 1:16-CV-3047-LRS

ORDER GRANTING JOINT MOTION FOR PROTECTIVE ORDER

    BEFORE THE COURT is the parties' Joint Motion for Protective Order (**ECF No. 33**). The Motion contains the parties' stipulation regarding information produced in discovery designated by the parties as confidential. The Motion is herein **GRANTED** and approved as proposed.

    **ACCORDINGLY, IT IS HEREBY ORDERED**:

    1.    Plaintiff's state and federal tax returns and Plaintiff's financial records from any financial institution are designated "CONFIDENTIAL".

    2.    Any other confidential information and documents produced by any party or non-party as a part of discovery in this Action may also be designated by either party as "CONFIDENTIAL". The term "Confidential Information" means any

ORDER - 1

information, whether oral or in documentary or other tangible form, so designated by any party or producing person who reasonably and in good faith believes it is of the type protectable under Fed. R. Civ. P. 26.

    3.    Information and documents may be designated as "CONFIDENTIAL" as follows:

    a.    Information set forth in a response to an interrogatory may be so designated by including the word "CONFIDENTIAL" in the response or a portion thereof;

    b.    Information contained in any document or part thereof may be so designated by marking the word "CONFIDENTIAL" on all copies of it delivered to the receiving party, and if on the front page only of a multiple page document is marked "CONFIDENTIAL", each successive page is thereby rendered Confidential;

    c.    In the event that one copy of a document is designated "CONFIDENTIAL", and one or more copies of the same document are also produced but not so designated, the copies shall also be treated as Confidential Information if the receiving party is actually aware of such fact;

    d.    In the instance of deposition testimony, the witness under deposition or witness' counsel, or either party shall invoke the provisions of the Protective Order, by making a statement on the record that such information is "CONFIDENTIAL". Whether or not such a statement has been made on the record, the witness under

ORDER - 2

deposition, or witness' counsel, or either party shall have the right, within fifteen (15) days of receiving a transcript or portion thereof, to designate as "CONFIDENTIAL" the transcript or portion thereof. During this fifteen (15) day period, the entire transcript shall be deemed "CONFIDENTIAL". Whenever "CONFIDENTIAL" information is provided at a deposition, the designating entity may exclude from the deposition all persons other than those to whom Confidential Information may be disclosed under Paragraph 4 of this Order.

4. Information and documents designated herein as "CONFIDENTIAL" may not be used or disclosed to anyone except as provided by this Protective Order and shall be used only for purposes of this Action (including any appeals) and not for any business or competitive or other purpose. If any party inadvertently discloses Confidential Information to anyone other than those designated in Paragraph 5, the disclosing party shall promptly notify the designating party and shall retrieve and return to the designating party the designated material.

5. Any documents or information marked or transcripts designated as "CONFIDENTIAL" as well as any copies, summaries, or excerpts thereof, or analyses or reports which pertain thereto, may be available only to the following persons:

    a.    The parties to this litigation;

ORDER - 3

b. Counsel for the receiving party, including any attorneys, staff, paralegals, etc.[employed by a law firm of record which represents the receiving party];

c. Judges, law clerks and other clerical personnel of the Federal Courts (collectively "the Court");

d. Officers, directors, or employees of the producing party;

e. Independent experts not associated with a party ("Independent Experts") retained for purposes of assisting counsel with this action and all experts who receive confidential information or documentation shall be bound by this Order;

f. Court reporters or stenographers engaged to record deposition testimony and their employees;

g. Such other persons as hereafter may be authorized by the Court upon motion of either party or upon stipulation of both parties as entered by the Court.

6. All Confidential Information that is filed with the Court and any pleadings, motions or other papers filed with the Court disclosing any Confidential Information, shall either be filed under seal and kept under seal until further order of the Court or have the dates of birth, social security numbers, and all but the final four digits of account numbers redacted.

7. If at any time, counsel for any party claims that documents or information designated as "Confidential" by the producing party or its counsel do

ORDER - 4

not contain Confidential Information or believes that it is necessary to disclose the designated information to persons other than those permitted by this Protective Order, the objecting counsel may make an appropriate application to the Court requesting that the specifically identified documents, information and/or deposition testimony be excluded from the provision of this Protective Order and/or be available to specific other persons.  Prior to making such application, the objecting party must first provide the producing party with written notice of its objections and the producing party shall have ten (10) business days after receipt of such written notice to respond to such objection.  Thereafter, the parties shall engage in a good faith effort to resolve the dispute.  Only after such good faith efforts are exhausted may the objecting party make a written motion to the Court for an order removing such designation, certifying that good faith efforts were attempted but failed, and setting forth the reasons that the designation should be removed.  If such challenge is made, the party or person designating the document, transcript or information as "Confidential" shall bear the burden of proving that he, she or it is entitled to such designation and has made a good faith designation thereof.

8.    All "Confidential" documents and copies thereof, which have been disclosed under this Protective Order, shall be returned to the producing party, or the receiving party shall certify that such material has been destroyed, within thirty (30) days of the resolution of this Action (including any appeals).  The primary legal

ORDER - 5

counsel for the receiving party may retain one copy in his permanent file after the resolution of the case but agrees to maintain the confidentiality of the material pursuant to this Order.

9. The provisions of this Protective Order shall not be construed as preventing:

    a. Any disclosure of Confidential Information by the producing party; and/or

    b. Any disclosure of Confidential Information to the Court for purposes of this Action, including offering such information into evidence at the trial of this Action; and/or

    c. Any party from seeking additional protection against the disclosure of any documents or materials.

10. The provisions of this Protective Order may be modified by any order of this Court. Nothing contained herein shall be deemed to preclude either party from waiving any protection afforded to its information under this Protective Order, provided such waiver is in writing or is recorded in a transcript during deposition testimony.

11. This Protective Order will not prejudice the right of any party or non-party to oppose the production of any information on the ground of the attorney-client privilege, work product privilege, or any other privilege or protection under

ORDER - 6

the law.  If any party inadvertently produces materials protected by the attorney-client or work product doctrines, that party may notify counsel to whom the material was produced and the material will be returned.  Thereafter, the returned material may be designated as privileged, and no waiver of the privileges will be implied or created by the inadvertent disclosure.  The parties agree that upon notification of such an inadvertent production, any copies already made of the privileged material will either be returned or destroyed.

   12.   Compliance with this Protective Order shall not operate as an admission that any particular document or information is, or is not, confidential or admissible in evidence at the trial of this action.  The fact that information is designated protected under this Protective Order shall not determine or affect what a trier of fact may find to be confidential or proprietary.  In the absence of a stipulation of all parties, the fact of such designation shall not be admissible during trial of this action.

   13.   The entry of this Order is consented to by the parties of this Action.

   **IT IS SO ORDERED.**  The Clerk is hereby directed to enter this Order and furnish copies to counsel.

   DATED this 18th day of November, 2016.

                    *s/Lonny R. Suko*
            _____
                    LONNY R. SUKO
            SENIOR U.S. DISTRICT COURT JUDGE

ORDER - 7